**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHELLE LOUISE HILTON,**

      **Plaintiff,**

v.                                            **Case No: 6:16-CV-187-Orl-41GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Michelle Louise Hilton (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability Insurance ("DIB") and a period of disability. Doc. No. 1; R. 130-31. Claimant maintains that the final decision of the Commissioner should be reversed and remanded because the Administrative Law Judge (the "ALJ") erred by failing to pose a hypothetical question to the Vocational Expert (the "VE") that includes all of Claimant's limitations. Doc. No. 17 at 12-17.[1] For the reasons set forth below, it is recommended that the final decision be **REVERSED and REMANDED** for further proceedings.[2]

---

[1] Claimant also argues the ALJ erred by failing to apply the correct legal standards to the medical opinions of record. Doc. No. 17 at 18-26.

[2] On July 31, 2014, in *Hilton v. Comm'r of Soc. Sec.*, No. 6:13-cv-1427-Orl-GJK, Doc. No. 21 (M.D. Fla. Jul. 31, 2014), the Court entered and order remanding this action to the Commissioner for further proceedings based upon a prior Administrative Law Judge's decision and concerning matters not at issue in the instant action. R. 1036-47. Although this matter has previously been remanded for further proceedings (*see supra* n.1), in this action, Claimant again requests a remand for further proceedings. Doc. No. 17 at 24.

This case presents with the unusual situation where the case must be remanded because of an error which is apparent on the face of the ALJ's decision.[3] It is well-settled in the Eleventh Circuit that, where an ALJ relies upon the testimony of a VE at steps four and five of the sequential evaluation process, the ALJ's hypothetical question to the VE must include all of the Claimant's functional limitations, as determined by the ALJ. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002); *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) (where the hypothetical question does not fully include all of a claimant's limitations, the decision, if based upon the VE's testimony, is unsupported by substantial evidence). Here, the ALJ's hypothetical question to the VE did not contain all of the functional limitations the ALJ found the Claimant has. *Compare* R. 953 *with* R. 989.

In the decision, the ALJ unequivocally states: "[T]he [ALJ] finds that the claimant requires the use of a cane and a sit stand option." R. 953.[4] Thus, the ALJ expressly determined that

---

[3] Although it did not happen here, this case is an example of an instance where the Commissioner frequently agrees further administrative review should occur and voluntarily moves for remand. Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this.

[4] The ALJ's residual functional capacity assessment (the "RFC") does not contain the above quoted limitations. R. 947. Therefore, the Commissioner urges the Court to conclude that the ALJ's express findings that Claimant requires the use of a cane and a sit/stand option are typographical errors. Doc. No. 17 at 16. The ALJ's above quoted findings are contained in the following paragraph:

> Some weight is given to the opinion of Luis Maceira, M.D., the State agency medical consultant who opined that the claimant was capable of a range of light duty work. However, the [ALJ] finds that the claimant is more limited than Dr. Maceira's assessment; specifically, the [ALJ] finds that the claimant requires the use of a cane and a sit stand option. Therefore, Dr. Maceira's opinion is given some weigh [sic] to the extent it is consistent with the [RFC] outlined above.

R. 953 (emphasis added). The undersigned finds the Commissioner's attempt to dismiss the ALJ's finding that Claimant requires a cane and a sit-stand option as a mere typographical error unpersuasive. First, the statement at issue is not simply an inaccurate statement of factual or procedural history. Instead, it is an express finding by the ALJ on the central issue of Claimant's functionality. Second, the passage clearly states the ALJ intended to find Claimant's limitations are greater than those found by Dr. Maceira and more "specifically" found Claimant required a cane and a sit-stand option. Thus, the finding at issue is consistent with the overall message the ALJ conveys in the passage. R. 953. The Commissioner correctly points out that prior to the above quoted passage the ALJ also made a statement that the "treatment record does not reflect a need for a cane for ambulation". R. 952. However, there is also evidence in the record that could support Claimant's need for a cane and a sit-stand option. R. 885-86. Whether

Claimant's functional limitations require the use of a cane and a sit/stand option. R. 953. The ALJ posed the following hypothetical question to the VE:

> I want you to assume an individual 45 years old with the work background and education as testified to by the Claimant. Assume the individual is capable to [sic] sedentary work with the following additional restrictions, no concentrated or excessive exposure to pulmonary irritants such as dust, odors, or extreme in temperatures or humidity or fumes. Assume that the work would need to be no more than semiskilled and that general public contact must be brief and superficial and also only occasional. Could such an individual perform any of the past work of the Claimant?

R. 989. Thus, the ALJ's hypothetical question to the VE did not include any functional limitations requiring use of a cane or a sit/stand option. R. 989. In the decision, the ALJ relies on the VE's testimony at steps four and five to determine that the Claimant can perform her past relevant work as a bartender and other work such as a table worker, addresser, and surveillance system monitor. R. 956-58. As such, the ALJ determined that Claimant is not disabled. R. 956-58.

Where the hypothetical question fails to include all of Claimant's limitations, a decision that relies upon testimony from the VE is not supported by substantial evidence. *Wilson*, 284 F.3d at 1227) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."). Here, the hypothetical questions failed to include any requirement for use of a cane or a sit/stand option. Accordingly, on its face, the ALJ's decision is not supported by substantial evidence.[5]

---

the Claimant requires the use of a cane and a sit-stand option is an issue for the ALJ to determine and, in doing so, the ALJ must resolve any gaps or conflicts in the evidence. Simply put, the undersigned can not dismiss an express finding by the ALJ as to Claimant's functional limitations, review the evidence and decide what Claimant's functional limitations are. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (the Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].").

[5] The ALJ's failure to pose a hypothetical question to the VE that comprises all of the Claimant's functional limitations is dispositive of this case. Therefore, it is unnecessary to address Claimant's remaining arguments (*see supra* n.2). *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record*); McClurkin v. Soc. Sec. Admin.*, -- F. App'x --, 2015 WL 5166045, at *3 (11th Cir. Sept. 4, 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

For the reasons stated above, it is **RECOMMENDED** that Court:

1. **REVERSE and REMAND** the final decision of the Commissioner for further proceedings;

2. Direct the Clerk to enter judgment in favor of the Claimant; and

3. Direct the Clerk directed to close the case.

## NOTICE TO PARTIES

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.  In order to expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.

**RECOMMENDED** in Orlando, Florida on September 14, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

The Honorable William H. Greer
Administrative Law Judge

Office of Disability Adjudication and Review
Desoto Bldg., Suite 400
8880 Freedom Crossing Trl.
Jacksonville, FL 32256-1224