UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELE LOUISE HILTON,**

        **Plaintiff,**

**v.**                                  **Case No:   6:16-cv-187-Orl-41GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEYS' FEES (Doc. No. 21)**
>
> **FILED:**      **May 26, 2017**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

On March 1, 2017, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 20. On May 26, 2017, Plaintiff filed a Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d) (the "Motion"). Doc. No. 21. In the Motion, Plaintiff requests the Court award attorneys' fees in the amount of $3,754.17. *Id.* at 1. Plaintiff also requests an award of costs in the amount of $400. *Id*. The Motion is unopposed. *Id.*

In the Motion and attachments, counsel for Plaintiff, Richard A. Culbertson, states that his law firm performed the following work:

| Attorney | Year | Hourly Rate | Time (in Hours) | Total |
| --- | --- | --- | --- | --- |
| Richard A. Culbertson | 2016 | $192.67 | 1.3 | $250.47 |
|  | 2017 | $192.67 | 1.3 | $250.47 |
| Sarah Fay | 2015 | $190.27 | 1.2 | $228.32 |
|  | 2016 | $192.67 | 15.6 | $3,005.65 |
|  | 2017 | $192.67 | .1 | $19.26 |
| **TOTAL** |  |  |  | $3,754.17 |

*Id.* at 2, 12-13. The Motion states that the hourly rates requested do not exceed the statutory caps adjusted for inflation. *Id.* at 8-10. Furthermore, the Commissioner has agreed to pay EAJA fees directly to counsel pursuant to Plaintiff's retainer agreement (Doc. No. 21-1) so long as it is determined that Plaintiff does not owe a debt to the United States Government. Doc. No. 21 at 2-3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. However, the Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) in order to be valid. *See Farm Bureau Mut. Ins. Co. v. U.S.*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Specifically, Section 3727(b) provides that:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant,

> must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, an assignment made prior to the award of attorneys' fees necessarily violates the Anti-Assignment Act because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued. *Id*. Here, the assignment does not satisfy the Anti-Assignment Act because the assignment occurred prior to the award of any attorneys' fees. *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). Accordingly, the Court concludes that the award of EAJA attorneys' fees should be made to Plaintiff as the prevailing party. *Id*.

In the Motion, Plaintiff requests an award of attorneys' fees in the amount of $3,754.17. Doc. No. 21 at 1. In compliance with *Ratliff*, the undersigned concludes that Plaintiff is entitled to $3,754.17 in attorneys' fees and that such fees are reasonable. Plaintiff is also entitled to $400 in costs. *See Davis v. Apfel*, 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000) (noting that "[t]he EAJA also authorizes the award of 'costs' and 'expenses'").

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 21) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1) The Court grant the Motion to the extent that the Court awards EAJA attorneys' fees to Plaintiff in the amount of $3,754.17 and costs in the amount of $400; and

2) Otherwise, the Court **DENY** the Motion.[1]

---

[1] The United States Department of the Treasury may exercise its discretion in honoring Plaintiff's assignment of benefits if it determines that the Plaintiff does not owe a debt to the Government. However, the undersigned will not recommend that the Court order the Department of Treasury to honor the assignment.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on June 30, 2017.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy